UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0106(3) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| PERCY MINIFER LACEY, JR., | |
| Defendant. | |

Thomas Calhoun-Lopez, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Caroline Durham and Gretchen Gurstelle, for defendant.

This matter is before the Court on the objection of defendant Percy Minifer Lacey, Jr. to the January 7, 2016[1] Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel. Judge Noel recommends denying Lacey's motions to suppress identification evidence, evidence seized during various searches, and certain of his statements to police. Lacey objects to Judge Noel's recommendations regarding the September 17, 2014 identification by shooting victim "D.L." and Lacey's statements to police on December 4, 2014. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Based on that review, the Court overrules Lacey's objection and adopts the R&R insofar as it applies to Lacey. Only two matters merit comment:

---

[1] Judge Noel signed the R&R on January 5, but it was not entered on the docket until January 7.

*First*, Lacey argues that showing a surveillance video that captured the shooting to D.L. before asking D.L. to identify the shooters was unduly suggestive. But the Court agrees with Judge Noel that refreshing a witness's memory with a recording of the crime is not at all improper—indeed, is laudable. *See United States v. Love*, 692 F.2d 1147, 1151 (8th Cir. 1980) ("Refreshing the witnesses' recollection by showing them the surveillance photos made during the robbery . . . does not render the procedure unduly suggestive. To the contrary, this process should serve to make subsequent identifications more accurate.").

Showing a photograph of Lacey to a victim of a crime and asking the victim "did this guy do it?" might be suggestive and cause the victim to mistakenly identify Lacey as the perpetrator. But showing a recording of the *crime* to the victim and asking "who did it?" is not suggestive and cannot cause the victim to identify someone who is not the perpetrator.[2] The victim might still make a mistaken identification, but it would not be because he watched a recording of the crime; to the contrary, viewing a recording of a crime can only help to *prevent* misidentifications.

---

[2] The situation would be different if the recording of the crime was itself misleading—if, for example, overexposure caused the perpetrator to look light skinned when he was dark skinned, or dirt on the camera lens made it appear that the perpetrator had a scar or tattoo when he did not. No such challenge has been made to the recording viewed by D.L.

The Court recognizes that, when D.L. identified Lacey as the perpetrator, D.L. may have been matching Lacey to the image on the screen rather than to an image in his memory. But the image on the screen is an image *of the perpetrator*. Perhaps Lacey can impeach D.L.'s identification by arguing at trial that Lacey only *looks* like the perpetrator. The question, however, is not whether D.L.'s identification can be impeached in some way, but whether the identification procedure was unduly suggestive. It was not.

*Second*, Lacey argues that his right to counsel under the Sixth Amendment was violated when he was questioned outside of the presence of his attorney on December 4, 2014. Lacey does not dispute that, as Judge Noel explained, the Sixth Amendment right to counsel may be waived after a proper *Miranda* admonishment; that "the decision to waive need not itself be counseled," *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009); or that he was properly advised of and voluntarily, knowingly, and intelligently waived his *Miranda* rights before being interrogated on December 4, 2014. To the extent that Lacey argues that his rights were violated when the examiner told him he would be questioned about a robbery and then started asking him about other gang involvement, Lacey's argument is meritless. "An officer may change the topic of interrogation without notice because a 'suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to determining whether the suspect

voluntarily, knowingly, and intelligently waived his [*Miranda* rights].'" *United States v. Syslo*, 303 F.3d 860, 865-66 (8th Cir. 2002) (per curiam) (quoting *Colorado v. Spring*, 479 U.S. 564, 577 (1987)).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Lacey's objection [ECF No. 301] and ADOPTS the January 7, 2016 R&R [ECF No. 286] insofar as it applies to Lacey. IT IS HEREBY ORDERED THAT:

1. Lacey's motion to suppress identification evidence [ECF No. 183] is DENIED.

2. Lacey's motion to suppress fruits of unlawful search and seizure [ECF No. 184] is DENIED.

3. Lacey's motion to suppress statements [ECF No. 185] is DENIED.

Date: February 4, 2016         s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge